# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-700V
(Unpublished)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| ERNEST GHENT, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: October 19, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Nancy Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.
*Ida Nassar*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION DISMISSING PETITION**[1]

### I.     Procedural History

On May 13, 2019, Ernest Ghent ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed giant cell arteritis from the influenza vaccination he received on November 10, 2016. Pet. at 1, 4, ECF No. 1. Petitioner filed statements of completion on May 10, 2019 and April 1, 2020. ECF Nos. 7, 15.

On June 18, 2020, Respondent filed a Rule 4(c) Report stating that this case is not appropriate for compensation pursuant to the Vaccine Act. Resp't's Rep. at 1, ECF No. 17. More

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

specifically, Respondent indicated that "Petitioner has not provided sufficiently reliable evidence of causation that satisfies the elements of *Althen*,… required to establish a prima facie case that the flu vaccine can cause [P]etitioner's alleged injury in general and did cause [P]etitioner's condition in this particular case." *Id.* at 12.   On the same day, I issued an order for Petitioner to file a status report indicating how he would like to proceed in light of Respondent's Rule 4(c) Report.  *See* non-PDF Scheduling Order on 6/18/2020.  On August 14, 2020, Petitioner filed a status report stating he had retained an expert and anticipated filing an expert report within 90 days.  Pet'r's Status Rep. on 8/14/2020, ECF No. 18.  On the same day, I issued an order for Petitioner to file an expert report by November 12, 2020.  *See* non-PDF Scheduling Order on 8/14/2020.

Petitioner filed the instant motion to dismiss his claim on October 16, 2020, stating "An investigation of the facts and supporting science has demonstrated to the [P]etitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  Pet'r's Mot. at 1, ECF No. 19.

**II.      Conclusion**

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed.  § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's Motion for Decision Dismissing His Petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
